**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**GAYLE TAURISANO et al.,**

**Plaintiffs,**                                **6:19-cv-1637**
                                                   **(GLS/TWD)**

                    **v.**

**DAVID RANDY TABB et al.,**

                    **Defendants.**

_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Office of Robert F. Julian            STEPHANIE A. PALMER, ESQ.
2037 Genesee Street                   ROBERT F. JULIAN, ESQ.
Utica, NY 13501

**FOR THE DEFENDANTS:**
_David Randy Tabb & Deborah_
_Tabb_
Quintairos, Prieto, Wood & Boyer      VALERIE M JACKSON, ESQ.
9300 S. Dadeland Blvd
Ste 4th Floor
Miami, FL 33156

_Coldwell Banker Paradise & Ed_
_Schlitt Realtors_
Goldberg, Segalla Law Firm            SHANNON T. O'CONNOR, ESQ.
5786 Widewaters Parkway               ALEXANDER J. BLOOD, ESQ.
Syracuse, NY 13214

_Ocean Village Rentals_               NO APPEARANCE


**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Gayle and Michael P. Taurisano bring this action against defendants Coldwell Banker Paradise and Ed Schlitt Realtors,[1] (hereinafter, collectively "Coldwell"), David Randy Tabb, Deborah Tabb, and Ocean Village Rentals[2] seeking to recover damages arising from G. Taurisano's personal injuries incurred during plaintiffs' stay in a rental condominium.  (Compl., Dkt. No. 1.)  Pending are motions to dismiss filed by Coldwell and the Tabbs, in which they argue, among other things, that personal jurisdiction is lacking.  (Dkt. Nos. 17, 37.)  For the reasons that follow, the motions are granted.

### II. Background[3]

Plaintiffs entered into a short term lease agreement with Coldwell to rent a condominium, owned by the Tabbs, and located in Florida.  (Compl.

_____

[1] Coldwell Banker Paradise is a "doing business as" name for "Ed Schlitt LC," or, as named by plaintiffs, "Ed Schlitt Relators."  (Dkt. No. 17, Attach. 2 ¶ 3.)

[2] Ocean Village Rentals has not appeared in this action, and, despite having been notified twice of their ability to do so, (Dkt. Nos. 16, 24), plaintiffs have not applied to the Clerk for a certificate of default.  As explained herein, plaintiffs are ordered to show cause why the complaint should not be dismissed as against Ocean Village Rentals.

[3] The facts are drawn from plaintiffs' complaint, (Dkt. No. 1), and presented in the light most favorable to them.

¶¶ 13-14.)  During her stay, G. Taurisano tripped on a "raised, elevated, uneven step/threshold" at a sliding glass door between the kitchen and patio, causing her to fall into a kitchen counter.  (*Id.* ¶¶ 16-17.)  She sustained injuries, "including, but not limited to facial fractures, injuries to her left arm and wrist, pain and suffering, medical bills, disability, and loss of enjoyment of life."  (*Id.* ¶ 17.)

### III. <u>Standard of Review</u>

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (citation omitted).  In assessing such a motion, a court may consider materials outside the pleadings.  *See Dorchester Fin. Sec., Inc. v. Banco BRJ*, 722 F.3d 81, 86 (2d Cir. 2013).

In deciding whether a plaintiff has made a prima facie showing of jurisdiction, the court "construe[s] the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor."  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks and citation omitted).  However, the plaintiff "must make

allegations establishing jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone." *Cont'l Indus. Grp. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (internal quotation marks and citation omitted); *see DeLorenzo v. Ricketts & Assocs., Ltd.*, No. 15-CV-2506, 2017 WL 4277177, at *5 (S.D.N.Y. Sept. 25, 2017) ("[C]onclusory non-fact-specific jurisdictional allegations or a legal conclusion couched as a factual allegation will not establish a *prima facie* showing of jurisdiction." (internal quotation marks and citations omitted)); *SODEPAC, S.A. v. CHOYANG PARK*, No. 02 Civ. 3927, 2002 WL 31296341, at *5 (S.D.N.Y. Oct. 10, 2002) ("Vague and generalized allegations . . . are insufficient to make a prima facie showing of jurisdiction over an out-of-state defendant." (citations omitted)).

## IV.  Discussion

### A.    Personal Jurisdiction

To make a prima facie showing of personal jurisdiction, a plaintiff must demonstrate: (1) procedurally proper service of process upon the defendant; (2) "a statutory basis for personal jurisdiction that renders such service of process effective"; and (3) that the exercise of personal jurisdiction comports with constitutional due process principles. *See Licci*

4

*ex rel. Licci v. Lebanese Canadian Bank*, *SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).  Here, defendants challenge whether personal jurisdiction comports with New York's long-arm statute and due process requirements.[4]  (Dkt. No. 17, Attach. 10 at 2-13; Dkt. No. 38 at 7-9.)

N.Y. C.P.L.R. § 302 (a)(1) states, in pertinent part: "As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state or contracts anywhere to supply goods or services in the state."  "This rule provides two distinct grounds for long-arm jurisdiction: where a defendant 'transacts any business' in the state and where a defendant 'contracts anywhere to supply goods or services' in the state."  *D&R Global Selections, S.L. v. Bodega Olegario Falcon Pineiro*, 29 N.Y.3d 292, 297 (2017).  Under either ground, (1) "the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State by either transacting business

---

[4]  The court confines its analysis to N.Y. C.P.L.R. § 302(a)(1) because that is the only provision that plaintiffs address in response to defendants' arguments.  (Dkt. No. 26, Attach. 6 at 2-4; Dkt. No. 43, Attach. 3 at 3-7.)  And, in any event, no other provisions of the New York long-arm statute appear to apply.  Indeed, these provisions apply to causes of action that arise from "a tortious act within the state," "a tortious act without the state causing injury . . . within the state," or the ownership, use or possession of real property in the state, C.P.L.R. §§ 302(a)(2)-(4), none of which exist here.  And, plaintiffs have failed to respond to defendants' arguments that such provisions are inapplicable, and thus, have waived reliance on these provisions.

5

in New York or contracting to supply goods or services in New York" and

(2) "the claim must arise from that business transaction or from the contract

to supply goods or services."  *Id.* (internal quotation marks and citation

omitted); *see Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467 (1988)

("[P]roof of one transaction in New York is sufficient to invoke jurisdiction,

even though the defendant never enters New York, so long as the

defendant's activities here were purposeful and there is a substantial

relationship between the transaction and the claim asserted." (citations

omitted)).

Under the second prong, the plaintiff's claim must have an

"articulable nexus" or "substantial relationship" with the defendant's

transaction of business in New York.  *See D&R Global Selections*, 29

N.Y.3d at 298-99.  "At the very least, there must be a relatedness between

the transaction and the legal claim such that the latter is not completely

unmoored from the former."  *Id.* at 299 (internal quotation marks and

citation omitted); *cf. Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137

S.Ct. 1773, 1780 (2017) ("[S]pecific jurisdiction is confined to adjudication

of issues deriving from, or connected with, the very controversy that

establishes jurisdiction." (internal quotation marks and citation omitted)).

"[A]n articulable nexus or substantial relationship exists where at least one element arises from the New York contacts"; however, "[t]he nexus is insufficient where the relationship between the claim and transaction is too attenuated or merely coincidental."  *D&R Global Selections*, 29 N.Y.3d at 299 (internal quotation marks and citations omitted).

Here, plaintiffs maintain that the court has jurisdiction over defendants because defendants "purposely derived a benefit from their interstate activities by renting their condominium to out of state residents," and thus, their "efforts [were] purposefully directed toward residents of [New York]," sufficient to establish personal jurisdiction.  (Dkt. No. 26, Attach. 6 at 3; Dkt. No. 43, Attach. 3 at 4.)  And, as to Coldwell, plaintiffs further contend that Coldwell is "in the business of renting out condominiums for a monthly fee with a focus on renting the condominiums to out of [s]tate individuals for the winter months," and, according to plaintiffs, "[i]t is commonly known that New York State residents are frequent 'snow birds' to Florida during the winter seasons."  (Dkt. No. 26, Attach. 6 at 4.)

Coldwell argues that it does not have any connections, let alone "minimum contacts," to New York that relate to plaintiffs' injuries.  (Dkt.

No. 17, Attach. 10 at 13.)  In support of its motion, Coldwell submitted the affidavit of Steven Schlitt, the manager of Coldwell.  (Dkt. No. 17, Attach. 2.)  According to Schlitt's affidavit, Coldwell is a full service real estate company that manages and leases property in Florida, and serves real estate buyers and sellers in Florida; it is incorporated in Florida; its principal place of business is in Florida; its entire business operation is limited to Florida; it has never owned or used any offices in New York, nor has it ever managed or leased properties in New York; it has never negotiated or executed contracts in New York; it has never transacted business in New York, nor does it have any business contacts there; and it has never derived substantial revenue from New York.  (*Id.* ¶¶ 11-24.)

Further, Coldwell does not directly advertise in New York, and its "print advertising is limited to local Florida newspapers and magazines, and postcards to owners of properties on the East Florida Coast Market."  (*Id.* ¶ 25.)  Lastly, Coldwell's and plaintiffs' "only physical interaction . . . was in the State of Florida, and limited to providing [plaintiffs] access to the property."  (*Id.* ¶ 15.)

Similarly, the Tabbs, who are alleged to reside in Pennsylvania, (Compl. ¶ 3), maintain that they have no connections to New York, (Dkt.

No. 38 at 7-9).  In support of their motion, Deborah Tabb submitted an

affidavit explaining that she does not "own, use or possess any property" in

New York, nor does she do any business in New York.  (*Id.*, Attach. 1.)

Plaintiffs have offered nothing to refute these statements, and their

bare assertions that defendants' actions were purposefully directed

towards New York, (Dkt. No. 26, Attach. 6 at 3; Dkt. No. 43, Attach. 3 at 4),

are unavailing.  *See Herlihy v. Sandals Resorts Int'l, Ltd.*, 795 F. App'x 27,

30 (2d Cir. 2019) (dismissing the plaintiff's claims for lack of personal

jurisdiction over the defendant, and noting how the defendant "does not

market itself directly to Connecticut citizens, travel agents, or media, and

does not solicit or transact business with Connecticut residents" (citation

omitted)).  Indeed, it appears that the only reason plaintiffs commenced the

instant action in the Northern District of New York is "because the [p]laintiffs

reside within the Northern District."  (Compl. ¶ 12.)  However, a "'minimum

contacts' analysis looks to the defendant's contacts with the forum State

itself, not the defendant's contacts with persons who reside there."  *Herlihy*,

795 F. App'x at 30 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

To the extent plaintiffs assert that Coldwell "is a national organization

with businesses in New York State and specifically within the Norther[n]

District of New York," (Dkt. No. 26, Attach. 6 at 4), such assertion is belied by Schlitt's affidavit.  (Dkt. No. 17, Attach. 2 ¶¶ 19-20, 22-24.)

In any event, even if the transacting business requirement was satisfied, defendants' contacts with New York must have some connection to plaintiffs' claims.  *See Simmons v. Nat'l R.R. Passenger Corp*., No. 19 Civ. 6986, 2020 WL 2904847, at *2-3 (S.D.N.Y. June 3, 2020). Here, there is nothing in the record indicating that either the Tabbs' or Coldwell's purported contacts with New York have any connection to plaintiffs' personal injury claims.

And plaintiffs' argument that defendants have contacts with New York because they rented to plaintiffs, and the rental agreement was executed in New York, (Dkt. No. 26, Attach. 6 at 4; Dkt. No. 43, Attach. 3 at 5), is unavailing.  Indeed, "[c]ourts in this circuit have consistently found [that] the purchase of a ticket or the signing of a contract in New York that is the 'but-for cause of an out-of-state, non-commercial tort' is not sufficient to create the necessary nexus."  *See Simmons*, 2020 WL 2904847, at *3-4 ("[A]lthough the purchase of the train ticket in New York is causally related to [the plaintiff's] injury, the injury is not 'substantially related to,' nor does it 'arise from,'" the purchase.'" (citations omitted)); *Thackurdeen v. Duke*

10

*Univ.*, 130 F. Supp. 3d 792, 802 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) ("[T]he fact that contracts signed in New York served as a link in the chain of causation leading to plaintiff's claims is not itself sufficient for purposes of section 302(a)(1)." (internal quotation marks and citation omitted)); *Rodriguez v. Circus Circus Casinos, Inc*., No. 00 Civ. 6559, 2001 WL 21244, at *3 (S.D.N.Y. Jan. 9, 2001) (finding no personal jurisdiction in New York over a Nevada casino where the plaintiff suffered injury because, "[e]ven if [plaintiff] had made his hotel reservation over [defendant's] website [in New York] . . . the personal injuries at the heart of this lawsuit arose, if at all, from the allegedly negligent conduct of the defendants in Nevada rather than from the making of a hotel reservation.  Absent the requisite nexus, there is no basis for long-arm jurisdiction over [defendant]").

Thus, because the injury and alleged wrongful conduct by defendants occurred in Florida, not New York, there is no element of plaintiffs' causes of action that arise from New York contacts.  *See Simmons*, 2020 WL 2904847, at *4 ("[T]he 'articulable nexus' and 'substantial relationship' standards require, at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the

11

former." (some internal quotation marks and citation omitted)).
Accordingly, the motions to dismiss for lack of personal jurisdiction are
granted, and plaintiffs' claims are dismissed as against the Tabbs and
Coldwell.

## B.   Ocean Village Rentals

Ocean Village Rentals, alleged to be a condominium complex located
in Florida, (Compl. ¶ 7), has failed to appear in the instant action.  On
March 4, 2020, plaintiffs submitted a letter to the court, attaching a draft
"default letter" addressed to Ocean Village Rentals, stating that such letter
would "be mailed . . . , and upon the expiration of ten days from receipt,
[plaintiffs] will request the Clerk's Entry of Default."  (Dkt. No. 9 at 1.)

First and foremost, it is unclear why plaintiffs drafted this "default
letter."  Indeed, "Rule 55 of the Federal Rules of Civil Procedure provides a
two-step process for obtaining a default judgment."  *Priestly v. Headminder,
Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  First, under Rule 55(a), a plaintiff
must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a); N.D.N.Y.
L.R. 55.1.  Second, under Rule 55(b), a plaintiff may apply for entry of
default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain,"
or by the court "[i]n all other cases."  *See* Fed. R. Civ. P. 55(b); N.D.N.Y.

L.R. 55.2(b).  Here, despite having been directed twice by Magistrate

Judge Thérèse Wiley Dancks to seek a clerk's entry of default, (Dkt. Nos.

16, 24), plaintiffs have failed to do so.

Next, "[a] non-appearing defendant does not, by defaulting, forfeit its

right to challenge any ensuing default judgment for lack of personal

jurisdiction."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114,

139 (2d Cir. 2011).  The court may *sua sponte* choose to assess the

personal jurisdiction over the non-appearing defendant.  *See id.* at 133;

*D'Amico Dry D.A.C. v. Primera Mar. (Hellas) Ltd.*, 348 F. Supp. 3d 365, 389

(S.D.N.Y. 2018), *aff'd sub nom. d'Amico Dry d.a.c. v. Sonic Fin. Inc*., 794 F.

App'x 127 (2d Cir. 2020); *Johnson & Johnson v. Azam Int'l Trading*, No.

07-cv-4302, 2013 WL 4048295, at *4 (E.D.N.Y. Aug. 9, 2013).

For the same reasons that personal jurisdiction is lacking as to the

moving defendants, it appears—from the face of the complaint, (Compl.

¶ 7), and with nothing to the contrary in the record—that personal

jurisdiction is lacking with respect to Ocean Village Rentals.  Accordingly,

plaintiffs are directed to show cause as to why their complaint as against

Ocean Village Rentals should not be dismissed for lack of personal

jurisdiction.

**C.**   **Jurisdictional Discovery**

Plaintiffs argue that, even if the court finds that they have failed to establish personal jurisdiction over moving defendants, defendants' motions should nevertheless be denied because discovery is necessary. (Dkt. No. 26, Attach. 6 at 10; Dkt. No. 43, Attach. 3 at 10.)  Specifically, plaintiffs maintain that discovery is necessary to determine defendants' contacts with New York State, as well as defendants' rental and sale, and the amount of revenue derived from the same, of condominiums to New York State residents, including defendants' "targeted seasonal rental component"; and "to obtain, review and analyze" defendants' training videos, marketing data, and marketing campaigns to out of state residents. (*Id.*)

"Jurisdictional discovery is warranted when the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction [with] facts that would support a colorable claim of jurisdiction."  *In re Hoosick Falls PFOA Cases*, 431 F. Supp. 3d 69, 81 (N.D.N.Y. 2020) (internal quotation marks and citation omitted).  The court is mindful that personal jurisdiction inquiries are "necessarily fact sensitive because each case is dependent upon its own particular circumstances," *PDK Labs, Inc.*

14

*v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (citation omitted), and "court[s] should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction," *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (internal quotation marks and citation omitted).

As such, courts in the District have allowed jurisdictional discovery "[e]ven if [p]laintiffs fail to make a prima facie showing of personal jurisdiction . . . so long as [p]laintiffs have made a sufficient start towards establishing personal jurisdiction." *Perkins v. Sunbelt Rentals, Inc.*, 5:14-CV-1378, 2015 WL 12748009, at \*4 (N.D.N.Y. Aug. 13, 2015) (internal quotation marks and citation omitted).  Still, "[p]laintiffs must make a threshold showing that discovery might uncover a basis for jurisdiction." *PST Servs., Inc. v. Larson*, 221 F.R.D. 33, 37 (N.D.N.Y. 2004) (citation omitted); *see Vista Food Exch., Inc. v. Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 315 (S.D.N.Y. 2015) ("Discovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts." (citation omitted)); *compare In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 208 (2d Cir. 2003) (allowing jurisdictional discovery where allegations constituted "arguabl[e]" jurisdictional basis),

15

with *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (affirming denial of discovery request where there were only "conclusory non-fact-specific jurisdictional allegations"). Ultimately, whether to grant jurisdictional discovery when plaintiffs fail to make a prima facie showing of personal jurisdiction is within the court's discretion. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007).

Plaintiffs' arguments regarding what further discovery might uncover are unavailing because they fail to explain how any additional contacts that may be uncovered would be sufficiently related to the claims in suit. Indeed, G. Taurisano's injury occurred in Florida, based on an alleged defect in a condominium located in Florida, and plaintiffs have offered nothing beyond vague and conclusory allegations to establish jurisdiction in New York. *See Herlihy*, 795 F. App'x at 30*; Williams v. Summit Marine, Inc.*, No. 5:18-cv-216, 2019 WL 4142635, at *6 (N.D.N.Y. Aug. 30, 2019). Accordingly, plaintiffs' request for jurisdictional discovery is denied.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Coldwell Banker Paradise's and Ed Schlitt Realtors' motion to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

16

**ORDERED** that David Randy Tabb's and Deborah Tabb's motion to dismiss (Dkt. No. 37) is **GRANTED**; and it is further

**ORDERED** that plaintiffs' complaint (Dkt. No. 1) is **DISMISSED** as against defendants Coldwell Banker Paradise, Ed Schlitt Realtors, David Randy Tabb, and Deborah Tabb; and it is further

**ORDERED** that plaintiffs, within fourteen (14) days of the date of this Memorandum-Decision and Order, **SHOW CAUSE** as to why their complaint should not be dismissed as against Ocean Village Rentals for lack of personal jurisdiction; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 15, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge